IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 20-32-GF-BMM-JTJ |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| FRANKLIN TROY CAPLETTE, | |
| Defendant. | |

## I. Synopsis

Defendant Franklin Troy Caplette (Caplette) has been accused of violating the conditions of his supervised release. Caplette admitted alleged violations 1, 2, 4 and 5. Caplette denied alleged violation 3. The Court dismissed alleged violation 3 on the government's motion. Caplette's supervised release should be revoked. Caplette should be placed in custody for 6 months, with 30 months of supervised release to follow. Caplette should serve the first 180 days of his supervised release in a residential re-entry center. If Caplette completes an additional 6 months of supervised release with no violations, the District Court should entertain a motion to terminate Caplette's supervised release.

## II. Status

Caplette pleaded guilty to Possession with Intent to Distribute Methamphetamine on October 22, 2020. (Doc. 31). The Court sentenced Caplette to 42 months of custody, followed by 3 years of supervised release. (Doc. 43). Caplette's current term of supervised release began on May 26, 2023. (Doc. 47 at 3).

**Petition**

The United States Probation Office filed a Petition on November 30, 2023, requesting that the Court revoke Caplette's supervised release. (Doc. 47). The Petition alleged that Caplette had violated the conditions of his supervised release: 1) by using methamphetamine on two separate occasions; 2) by failing to comply with his substance abuse testing requirements; and 3) by failing to notify his probation officer of a change in residence.

**Initial appearance**

Caplette appeared before the undersigned for his initial appearance on February 13, 2024. Caplette was represented by counsel. Caplette stated that he had read the petition and that he understood the allegations. Caplette waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on February 13, 2024. Caplette admitted that he had violated the conditions of his supervised release: 1) by using methamphetamine; 2) by failing to comply with his substance abuse testing requirements; and 3) by failing to notify his probation officer of a change in residence. Caplette denied alleged violation 3. The Court dismissed alleged violation 3 on the government's motion. The violations that Caplette admitted are serious and warrant revocation of Caplette's supervised release.

Caplette's violations are Grade C violations. Caplette's criminal history category is III. Caplette's underlying offense is a Class C felony. Caplette could be incarcerated for up to 24 months. Caplette could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 8 to 14 months.

### III. Analysis

Caplette's supervised release should be revoked. Caplette should be incarcerated for 6 months, with 30 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Caplette should serve the first 180 days of his supervised release in a residential re-entry center. If Caplette completes an additional 6 months of supervised release with no violations, the

3

District Court should entertain a motion to terminate Caplette's supervised release.

## IV. Conclusion

The Court informed Caplette that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Caplette of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Caplette that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Frankin Troy Caplette violated the conditions of his supervised release: by using methamphetamine; by failing to comply with his substance abuse testing requirements; and by failing to notify his probation officer of a change in residence.

The Court **RECOMMENDS:**

> That the District Court revoke Caplette's supervised release and commit Caplette to the custody of the United States Bureau of Prisons for a term of 6 months, with 30 months of supervised release to follow. Caplette should serve the first 180 days of his supervised release in a residential re-entry center. If Caplette completes an additional 6 months of supervised release with no violations, the District Court should entertain a motion to terminate Caplette's supervised release.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 14th day of February, 2024.

John Johnston
United States Magistrate Judge